UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE K.,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                    Defendant. | Case No.:   3:21-cv-00405-AHG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

On March 8, 2021, Plaintiff Jacqueline K. ("Plaintiff") brought this action against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final administrative decision denying his application for Social Security Supplemental Security Income Disability Benefits for lack of disability. ECF No. 1. Along with her Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2.

**I.    LEGAL STANDARD**

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $400 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of

all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II.   DISCUSSION

### A.   Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but she must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The Court should not grant IFP to an applicant who is "financially able, in whole or in material part, to pull h[er] own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Alvarez v. Berryhill*, No. 18cv2133-W-BGS, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses"). Additionally, courts have discretion to make a factual inquiry and to deny a motion to proceed IFP when the moving party is "unable, or

unwilling, to verify their poverty." *McQuade*, 647 F.2d at 940.

Here, Plaintiff states in her affidavit that he receives only $1,000.00 per month in public assistance and has $5.00 in her checking account. ECF No. 2 at 1–2. Her expected monthly income barely exceeds her $983.00 in monthly expenses for rent, utilities, groceries, laundry, transportation, and car insurance. *Id*. at 4–5. She has no other source of income or valuable assets, other than her vehicle. *Id*. 2–3. Considering the information in the affidavit, the Court finds that Plaintiff has sufficiently shown an inability to pay the $400 filing fee under § 1915(a).

**B. Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. FED. R. CIV. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does

not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to FED. R. CIV. P. 8).

For example, in social security cases, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Plaintiff appeals the Commissioner's denial of her benefits application on the grounds that "the application of the ALJ's assess residual functional capacity is not supported by substantial evidence." ECF No. 1 at 4. Specifically, Plaintiff contends: (1) "In assessing the residual functional capacity, the ALJ failed to account for the complete medical examining opinion of Dr. Irving. Dr. Irving opined that Plaintiff would have moderate limitation in interacting with[] the public and responding appropriately to usual work situations and to changes in a routine work setting;" and (2) "The ALJ further error by improperly rejecting [Plaintiff]'s testimony regarding pain, symptom, and limitation. [Plaintiff] testified that some days she stays in bed and it is hard to think, which some days she feels good and gets the housework done; she also testified that she avoids people and is stressed out in new situations." ECF No. 1 at 3–4.

The Court finds these allegations sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

## III.   CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** the Plaintiff's Motion to Proceed IFP (ECF No. 2).

In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and his Complaint (ECF No. 1). Once Plaintiff receives this "IFP Package," the Court **ORDERS** him to complete the Form 285 and forward all documents in the package to the USMS. Upon receipt, the USMS will serve a copy of the Amended Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3)

**IT IS SO ORDERED.**

Dated:  March 11, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge