UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE K.,<br><br>  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 3:21-cv-00405-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES**<br><br>**[ECF No. 19]** |

    Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses. ECF No. 19. The parties jointly move the Court to award Plaintiff Jacqueline K. ("Plaintiff") attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Id*. For the reasons set forth below, the Court **GRANTS** the parties' joint motion.

**I.    BACKGROUND**

    The underlying action involves Plaintiff's challenge to the denial of her application for supplemental security income benefits. On March 8, 2021, Plaintiff filed a complaint against the acting Commissioner of Social Security. ECF No. 1. Defendant filed the administrative record in lieu of an answer. ECF No. 12. The Court set a scheduling order, requiring that the parties file a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review"). ECF No. 18. The

parties timely filed their Joint Motion for Judicial Review on March 10, 2022. ECF No. 16. On September 30, 2022, the Court issued an Order on the parties' Joint Motion for Judicial Review, reversing the final decision of the Commissioner of Social Security and remanding the action for further proceedings. ECF No. 17. A Clerk's Judgment was entered on the same date. ECF No. 18. The instant motion follows.

The parties have jointly requested that Plaintiff's counsel receive compensation for 21.3 hours of work, at $217.54 per hour for work performed in 2021 and $231.49 per hour for work completed in 2022, and counsel's paralegals receive compensation for 4 hours of work, at $150.00 per hour, with the total request discounted[1] to $5,400.00. ECF Nos. 19, 19-2.

## II. THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[2] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, the parties filed the motion for EAJA fees on December 22, 2022, 83 days after judgment was entered on September 30, 2022. The motion was filed 23 days after the 60-day period expired and falls within the 30-day filing period. Accordingly, the Joint Motion is timely.

---

[1] In the parties' itemization of fees, the total fee was calculated to be $5,497.26. ECF No. 19-2 at 2. However, in the parties' joint motion, the total fee requested was $5,400.00. ECF No. 19 at 1.

[2] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). *See also* 28 U.S.C. § 2412(a), (d). The Court will address these elements in turn.

### A. Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schaefer*, 509 U.S. at 302). Here, Plaintiff is the prevailing party because the Court granted his motion for judicial review, reversed the final decision of the Commissioner of Social Security denying his application for supplemental security income benefits, and remanded the action for further proceedings at the administrative level. ECF No. 17.

### B. Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA fee amount, and explain that the stipulation "constitutes a compromise settlement of [Plaintiff]'s request for EAJA attorney fees[.]" ECF No. 19 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18-cv-1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its

position was substantially justified."). Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

### C. Reasonableness of Hours

The parties seek a fee award for 21.3 hours billed by Plaintiff's counsel. ECF No. 19-2. The Court finds the number of hours billed by Plaintiff's counsel reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *see also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)); *see, e.g.*, *Costa*, 690 F.3d at 1136 (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Krebs*, 2018 WL 3064346, at *2 (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours).

The parties also see a fee award for 4 hours billed by Plaintiff's counsel's paralegals. ECF No. 19-2. Paralegal fees are also recoverable fees under the EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581, 128 S. Ct. 2007, 170 L. Ed. 2d 960 (2008) (stating "we think EAJA . . . must be interpreted as using the term 'attorney. . . fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor.") (ellipses in original); *see also Nadarajah*, 569 F.3d at 918 (a prevailing party may recover reasonable paralegal fees). However, time spent by a paralegal on clerical matters is not recoverable, as this should be subsumed in law firm overhead rather than billed at paralegal rates. *Nadarajah*, 569 F.3d at 921. "'Receipt' of a court order or case filing is also clerical in nature." *Rosemary G.V. v. Saul*, No. 3:19-cv-715-RBM, 2020 WL 6703123, at *3 (S.D. Cal. Nov. 12, 2020) (collecting cases and excluding 0.85 hours for paralegal entries such as "receipt of scheduling order" and "receipt and review of IFP from client"); *Douzat v.*

1  *Saul*, No. 17-cv-1740-NJK, 2020 WL 3408706, at *3 (D. Nev. June 11, 2020) (excluding
2  1.1 hours of paralegal time for "receipt" of an order or other court document); *McDade v.*
3  *Saul*, No. 17-cv-763-JCS, 2019 WL 6251229, at *6 (N.D. Cal. Nov. 22, 2019) (excluding
4  1.67 hours of paralegal time billed for receipt of documents, status reports to the client, and
5  similar tasks, and also excluding 0.2 hours of attorney time for "receipt" of a motion and
6  an email). Here, 2 paralegal entries include clerical tasks and that prorated time will be
7  excluded. *See* ECF No. 19-2 at 1 (billing 0.5 hours for "receipt of memo and filing of
8  complaint and related papers" and 0.4 hours for "receipt of administrative record,
9  preparation of memorandum to [counsel] regarding same"). The Court will, therefore,
10 exclude 0.18 hours as clerical. Additionally, the Court will exclude 0.3 hours as excessive.
11 Here, paralegal Enedina Perez billed 0.4 hours for "preparation of magistrate consent." *Id*.
12 However, in an EAJA fee application submitted 3 days ago in another case, the same
13 paralegal billed 0.1 hours for the exact same task. *See* Joint Motion for EAJA Attorney
14 Fees, *Blake R. v. Kijakazi*, No. 20-cv-1759-AHG (S.D. Cal. Dec. 20, 2022), ECF No. 27-
15 2. The remaining 3.52 hours of paralegal time, however, appear reasonable and appropriate.
16 *Krebs*, 2018 WL 3064346, at *2.

17       **D.**     **Reasonableness of Hourly Rate**

18       The EAJA provides that the Court may award reasonable attorney fees "based upon
19 prevailing market rates for the kind and quality of the services furnished," but "attorney
20 fees shall not be awarded in excess of $125 per hour unless the court determines that an
21 increase in the cost of living or a special factor, such as the limited availability of qualified
22 attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).
23 As noted, the statutory maximum EAJA rate for work performed in 2021 in the Ninth
24 Circuit, factoring in increases in the cost of living, was $217.54, and the statutory
25 maximum EAJA rate for the first half of 2022 was $231.49. *See* United States Courts for
26 the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*,
27 https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Dec. 22,
28 2022); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA

provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $217.54 per hour for work performed in 2021, and at a rate of $231.49 for work performed in 2022. ECF No. 19-2 at 1. As such, the Court finds that the hourly rate billed by counsel is reasonable.

The parties, however, have not established that the requested paralegal rate of $150.00 is reasonable. *See Blake R. v. Kijakazi*, No. 20-cv-1759-AHG, 2022 U.S. Dist. LEXIS 230893, at *8 (S.D. Cal. Dec. 22, 2022) (finding an hourly rate of $143 for work done by paralegals in 2021 and 2022 in the San Diego area to be reasonable); *Lisa M. v. Kijakazi*, No. 21-cv-1501-JLB, 2022 WL 17069826, at *1 n.2 (S.D. Cal. Nov. 17, 2022) (finding an hourly rate of $143 for work done by a paralegal in 2022 in the San Diego area to be reasonable); *Roland S. v. Saul*, No. 3:20-cv-1068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding an hourly rate of $143 for work done by a paralegal in 2020 and 2021 in the San Diego area to be reasonable based on the prevailing market rate, noting that the parties included evidentiary support for its paralegal hourly rate). Thus, without information from the parties regarding the paralegals' experience or education, or other evidentiary support regarding the median hourly rate for paralegals in San Diego, the parties have not persuaded the Court that $150 is reasonable. Thus, the Court reduces the paralegal rate from $150 to $143, the hourly rate recently approved by multiple courts in this district. *See, e.g.*, *id*.

### E.   Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to [Plaintiff], but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and costs to be made directly to [Plaintiff's counsel], pursuant to the assignment executed by Plaintiff." ECF No. 19 at 2; *see also* ECF No. 19-1 at ¶ 4 (agreement signed by Plaintiff stating agreement signed by Plaintiff stating

that Plaintiff "shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned his right to EAJA fees to his attorneys at the Law Offices of Lawrence D. Rohlfing, Inc., CPC. ECF No. 19-1. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to attorney Steven G. Rosales pursuant to the assignment agreement and in accordance with the parties' Joint Motion.

## IV.   CONCLUSION

The Court finds that a reduction of 0.18 hours of clerical paralegal work and another reduction of 0.30 hours of excessive paralegal work is warranted. The Court further reduces the paralegals' hourly rate from the $150 per hour requested to $143 per hour. The

remainder of Plaintiff's fee request is reasonable: 21.3 hours of attorney time, at $217.54 per hour for 2.4 hours of work performed in 2021 and $231.49 per hour for 18.9 hours of work completed in 2022, and 3.52 hours of paralegal time, at $143.00 per hour. Though the Court reduced the paralegal fees and hourly rates, the Court adopts the parties' discounted[3] $5,400.00 request.

Accordingly, for the reasons set forth above, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (ECF No. 19) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $5,400.00; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Steven G. Rosales at the Law Offices of Lawrence D. Rohlfing, Inc., CPC.

**IT IS SO ORDERED.**

Dated: December 23, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] In the parties' itemization of fees, the total requested fees were calculated to be $5,497.26. ECF No. 19-2 at 2. After excluding the 0.18 clerical hours of paralegal time, excluding the 0.30 excessive hours of paralegal time, and adjusting the remaining paralegal time to be at a rate of $143 per hour instead of $150 per hour, the total is recalculated to be $5,400.62. However, in the parties' joint motion, the total fee requested was $5,400.00. ECF No. 19 at 1.